IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------- x
**MERCURY MEDICAL RESEARCH AND** :
**WRITING, INC.**, a Delaware corporation, :
**and** :
**DR. MICHAEL HANNA,** an individual :
                                  Plaintiff, : Civil Action No.
: Hon. Judge
: Magistrate Judge
           - against - :
:
**JESPERSEN & ASSOCIATES, LLC,** a :
Massachusetts limited liability company, **and** :
**ELIZABETH SARKAR,** an individual :
                                Defendants. :
---------------------------------- X

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrences as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COMES the Plaintiffs MERCURY MEDICAL RESEARCH AND WRITING, INC. AND DR. MICHAEL HANNA, by and through their undersigned attorney THOMAS P. HEED, as and for their complaint against the Defendants JESPERSEN & ASSOCIATES, LLC, AND ELIZABETH SARKAR, alleges as follows:

1

## NATURE OF THE ACTION

1. This is an action for copyright infringement under 17 U.S.C. § 501 et. seq.

2. The amount in controversy is in excess of $75,000.00.

## THE PARTIES

3. Plaintiff Michael Hanna ("Hanna") is an individual with a mailing address at 93 Shennecossett Road, Groton, CT 06340.

4. Plaintiff Mercury Medical Research and Writing, Inc. ("Mercury Medical") is a for-profit corporation incorporated in the State of Delaware.

5. On information and belief, Defendant Elizabeth Sarkar ("Sarkar") is an individual resident of the State of Michigan and resides in this district.

6. Defendant Jespersen & Associates, LLC ("Jespersen & Associates") is a Massachusetts limited liability company with a registered address of 68 Tadmuck Road, Westford, MA 01886.

7. On information and belief, Sarkar is a Manager of Jespersen & Associates and performs her work duties in Michigan.

## JURISDICTION

8. The action arises under the Copyright Act, 17 U.S.C. §101 et. seq. ("The Copyright Act").

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1332, and 1338(a).

10. This Court has personal jurisdiction over Defendant Sarkar under the Michigan Long-Arm Statue, M.C.L. §600.701.

11. This Court has personal jurisdiction over Defendant Jespersen & Associates under one or more sections of the Michigan Long-Arm Statute, M.C.L. §600.711 and M.C.L. §600.715.

12. Some or all of the actions, including copying and distribution occurred within the Eastern District of Michigan, and therefore, venue is proper in this District under 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL CLAIMS

13. Dr. Michael Hanna is the sole owner of Mercury Medical Research and Writing, Inc. ("Mercury Medical").

14. Mercury Medical specializes in medical writing.

15. Dr. Hanna is a member of the American Medical Writers Association.

16. Dr. Hanna is the registered claimant of U.S. Copyright registration TXu 2-216-711, which is entitled, "Systematic Review Protocol Jan 22 and 5 Other Unpublished Works" (the "First Work").  (Exhibit 2, *Registration Certificate*).

17. In or about January 2020, Defendant Jespersen & Associates engaged Plaintiff Mercury Medical to research and write a systematic review of the scientific medical literature on how bacterial vaginosis changes the risk of

3

acquiring trichomonas vaginalis. ("BV/TV Literature Review"). (Exhibit 3, *Contract*).

18. The First Work was comprised of drafts of the study protocol registration.

19. On April 9, 2020, Dr. Hanna submitted the First Work for registration on the PROSPERO website, a website managed by the University of York (UK) for the registration of systematic reviews of health.

20. On or about July 1, 2020, the First Work was registered on PROSPERO.

21. PROSPERO is the one and only website in the world where systematic reviews on health can be registered, which is normally a prerequisite for publishing such studies in well-regarded scholarly journals.

22. On September 9, 2020, Dr. Hanna submitted a first copyright registration claim to the U.S. Copyright Office for the unpublished first draft of the Systematic Review Protocol (written on January 22, 2020) and five subsequent updated unpublished drafts (written on Mar 10, Mar 18, Mar 30, Apr 5, and Apr 8).

23. On September 11, 2020, the U.S. Copyright Office issued a Certificate of Registration for the aforementioned works, registration number TXu 2-216-711, effective date of Registration: September 09, 2020.

24. Dr. Hanna submitted a second copyright registration claim on January 6, 2021, for the version of the Systematic Review Protocol published on the PROSPERO website.

25. On January 6, 2021, the U.S. Copyright Office registered the final version, entitled, "Systematic Review Protocol Apr 08", assigning registration number TX0008940331 ("Second Work").

26. The contract between Jespersen & Associates and Mercury Medical did not include a work for hire provision. (*See* Exhibit 3, *Contrac*t).

27. There was never an assignment of the copyright in the Work, nor any other type of transfer of rights for the Work.

28. In or about June 2020, Jespersen & Associates breached the terms of the contract with Mercury Medical for the BV/TV Literature Review by terminating the contract prematurely, in violation of a term of the contract explicitly stating that the project may not be canceled unless both parties agree in writing to do so.

29. On information and belief, Defendant Sarkar contacted PROSPERO and misled them into switching control of Dr. Hanna's PROSPERO account to herself.

30. On or about February 5, 2021, the Defendants caused a document that was substantially copied word-for-word from the First Work and the Second Work to be published ("Infringing Work").

31. The Infringing Work was available worldwide through a hyperlink on the PROSPERO website.

32. The Defendants published the Infringing Work without the permission of Dr. Hanna.

33. The Defendants failed to properly attribute authorship of the Infringing Work to Dr. Hanna.

34. On information and belief, the link to the Infringing Work was published as the result of Defendant Sarkar's actions.

35. Defendant Sarkar's actions in misleading PROSPERO and in wrongfully acquiring Dr. Hanna's PROSPERO login credentials shows that Defendant Sarkar's conduct was willful and intentional within the meaning of the Copyright Act.

36. The Infringing Work remained available on the internet until August 6, 2021.

37. On information and belief, during this time, Defendants submitted their version of the final study report manuscript to scholarly journals making reference to their "updated" study registration in an attempt to facilitate publication.

38. After Dr. Hanna contacted PROSPERO and PROSPERO reviewed the Infringing Work, PROSPERO agreed that the account was improperly switched over to Defendant Sarkar.

39. PROSPERO removed the Infringing Work, returned control of the account to Dr. Hanna, and updated their policies to safeguard against this type of infringement from occurring again.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement of First Work and Second Work by Defendants)

40. Plaintiff incorporates and restates the allegations contained in each and every preceding paragraph.

41. Plaintiff Hanna was the author of the First Work and Second Work.

42. Plaintiff Hanna was the owner/claimant of the First Work and the Second Work.

43. The Defendants caused the Infringing Work to be published worldwide.

44. The Infringing Work copied passages of both the First Work and the Second Work.

45. The First Work and the Second Work are proper subject matter for a copyright pursuant to 17 U.S.C. § 102.

46. The Registration Number of the First Work is TXu 2-216-711.

47. The Registration Number of the Second Work is TX0008940331.

48. Both the First Work and the Second Work are owned by Plaintiff Hanna.

49. Under 17 U.S.C. § 106, Plaintiff, as owner of all the copyrights to the First Work and Second Work and their derivatives, has the exclusive right to do and to authorize any of the following: to reproduce the copyrighted work; to distribute copies of the copyrighted work to the public by sale; and to display the copyrighted work publicly.

50. Defendant's Infringing Work violates Plaintiff Hanna's exclusive copyrights by copying, distributing, and displaying Plaintiff's work and/or derivatives of the same.

51. The Defendants committed copyright infringement under 17 U.S.C. § 501 by violating Plaintiff's exclusive rights under 17 U.S.C. § 106.

52. The Plaintiffs prays this honorable Court issue an Order to remove and destroy any remaining images or copies displayed by the Defendants and/or in her possession, that includes the use of the First Work, the Second Work, and their derivatives.

53. The Plaintiffs prays this honorable Court issue an Order enjoining the Defendants from using, reproducing, distributing, or displaying the First Work, the Second Work, or their derivatives.

54. The Plaintiffs pray this honorable Court to award Plaintiff Hanna monetary damages from the Defendants for the Defendants' unlawful display and use

of Plaintiff's copyrighted First Work, Second Work, and their derivatives, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

(Vicarious Copyright Infringement of First Work and Second Work by Defendant Jespersen & Associates)

55. Plaintiff incorporates and restates the allegations contained in each and every preceding paragraph.

56. Defendant Sarkar committed the infringing activities outlined in the First Claim for Relief ("Infringing Activities").

57. Defendant Sarkar was at all relevant times acting within her employment with Defendant Jespersen & Associates.

58. Defendant Sarkar is a Manager of Defendant Jespersen & Associates.

59. Defendant Jespersen & Associates had the right and ability to control Defendant Sarkar's Infringing Activities.

60. Defendant Jespersen & Associates had a direct financial interest in the Infringing Activities of Defendant Sarkar.

61. Defendant Jespersen & Associates is vicariously responsible for Defendant Sarkar's Infringing Activities under the doctrine of *respondeat superior*.

62. The Plaintiffs prays this honorable Court issue an Order to remove and destroy any remaining images or copies displayed by the Defendant

9

Jespersen & Associates and/or in their possession, that includes the use of the First Work, the Second Work, and their derivatives.

63. The Plaintiffs prays this honorable Court issue an Order enjoining the Defendant Jespersen & Associates from using, reproducing, distributing, or displaying the First Work, the Second Work, or their derivatives.

64. The Plaintiffs pray this honorable Court to award Plaintiff Hanna monetary damages from the Defendant Jespersen & Associates for the Defendant Sarkar's unlawful display and use of Plaintiff's copyrighted First Work, Second Work, and their derivatives, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

(Violation of the Digital Millennium Copyright Act by Defendants)

65. Plaintiff incorporates and restates the allegations contained in each and every preceding paragraph.

66. In the Infringing Work, Defendants copied portions of the First Work and the Second Work, stripping them of their copyright notice, the author's name, surrounding literary text, or other information identifying the work or the author.

67. The removed or altered information constitutes copyright management information ("CMI") under 17 U.S.C. § 1202(c).

68. Defendants knowingly and intentionally distributed the Infringing Work after removing and altering the CMI ("DMCA Violation").

69. Defendants had reasonable grounds to know that distribution of the Infringing Work would induce, enable, facilitate, or conceal an infringement of rights under the Digital Millennium Copyright Act. ("DMCA").

70. These actions constitute a violation of 17 U.S.C. § 1202(b).

71. Plaintiff Hanna is entitled to injunctive relief.

72. Plaintiff Hanna elects to receive statutory damages under 17 U.S.C. § 1203.

73. Plaintiff Hanna is entitled to attorney fees under 17 U.S.C. § 1203.

## FOURTH CLAIM FOR RELIEF

(Vicarious Violation of the Digital Millennium Copyright Act by Defendant Jespersen & Associates)

74. Plaintiff incorporates and restates the allegations contained in each and every preceding paragraph.

75. Defendant Sarkar committed the violations of the DMCA ("DMCA Violations") outlined in the Third Claim.

76. Defendant Sarkar was at all relevant times acting within her employment with Defendant Jespersen & Associates.

77. Defendant Sarkar is a Manager of Defendant Jespersen & Associates.

78. Defendant Jespersen & Associates had the right and ability to control Defendant Sarkar's DMCA Violations.

79. Defendant Jespersen & Associates had a direct financial interest in the DMCA Violations of Defendant Sarkar.

80. Defendant Jespersen & Associates is vicariously responsible for Defendant Sarkar's DMCA Violations under the doctrine of *respondeat superior*.

81. These actions constitute a violation of 17 U.S.C. § 1202(b).

82. Plaintiff Hanna is entitled to injunctive relief.

83. Plaintiff Hanna elects to receive statutory damages under 17 U.S.C. § 1203.

84. Plaintiff Hanna is entitled to attorney fees under 17 U.S.C. § 1203.

## FIFTH CLAIM FOR RELIEF

(Breach of Contract as to Defendant Jespersen & Associates, LLC)

85. Plaintiffs incorporates and restates the allegations contained in each and every of the above paragraphs.

86. Defendant Elizabeth Sarkar on behalf of Defendant Jespersen & Associates, LLC entered into a contract with Mercury Medical Research & Writing, Inc. on January 3, 2020. (*See* Exhibit 3).

87. In or about June 2020, Defendant Jespersen & Associates subsequently breached the contract by terminating it.

88. The contract did not allow for termination.

89. At the time that Jespersen & Associates breached the January 3, 2020 contract, Mercury Medical was in compliance with the terms and conditions of the contract.

90. As such, Mercury Medical has suffered damages in an amount to be determined at trial.

91. Plaintiffs are entitled to compensatory damages, incurred as a direct result of Jespersen & Associates' breach of contract.

92. Plaintiffs pray this honorable Court to award Plaintiffs monetary damages from Defendant Jespersen & Associates' breach of contract, reasonable attorney fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this honorable Court render judgment in favor of the Plaintiff and against the Defendants and issue an Order and Judgment on all claims contained in this complaint as follows:

A. Enjoining Defendants and their officers, agents, servants, employees, owners, dealers, affiliates, contractors, representatives, and all other persons, firms or corporations in active concert or participation with them, from

copying, using, displaying, distributing, or selling the First Work, the Second Work, or their derivatives;

B. Awarding Plaintiff actual damages for each of the claims herein asserted, including:

    a. Defendants' profits;

    b. Defendants' costs saved due to their infringing conduct;

    c. Incidental damages;

    d. Consequential damages;

    e. All other types of damages authorized by law necessary to make Plaintiff whole;

C. Award Plaintiff Hanna statutory damages in the alternative to actual damages for any claim of relief so elected;

D. Ordering Defendants to submit to an accounting, at their own expense, to determine the profits the Defendants saved as the result of their copyright infringement complained of herein;

E. Awarding Plaintiffs actual attorney fees under 17 U.S.C. § 505 and/or 17 U.S.C. § 1203, as a prevailing party in this matter;

F. Awarding Plaintiffs costs;

G. Awarding Plaintiffs pre- and post- judgment interest at the highest interest rate allowable;

H.  Granting Plaintiff such other further relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues pleaded herein.

Dated: December 18, 2023                    Respectfully Submitted,

/s/ Thomas P. Heed
Thomas P. Heed (P66991)
HEED LAW GROUP, PLLC
Attorney for Plaintiff
2723 South State Street
Suite 150
Ann Arbor, MI 48104
(734) 794-4757
(734) 794-4712
theed@heedlawgroup.com