IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MERCURY MEDICAL RESEARCH AND** :
**WRITING, INC.,** a Delaware corporation, :
**and** :
**DR. MICHAEL HANNA,** an individual :

                      Plaintiff, :

        - against - :

:

**JESPERSEN & ASSOCIATES, LLC,** a :
Massachusetts limited liability company, **and** :
**ELIZABETH SARKAR,** an individual :
                   Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No. 23-cv-13258
Hon. Judge Susan K. DeClercq
Mag. Judge Kimberly G. Altman

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

<u>LOCAL RULE CERTIFICATION:</u>  I, THOMAS P. HEED, certify that this

document complies with Local Rule 5.1(a), including: double-spaced (except for

quoted materials and footnotes); at least one-inch margins on the top, sides, and

bottom; consecutive page numbering; and type size of all text and footnotes that is

no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point

(for proportional fonts). I also certify that it is the appropriate length. Local Rule

7.1(d)(3).

                             <u>/s/ Thomas P Heed</u>

                             Thomas P. Heed (P66991)

NOW COMES Plaintiffs Dr. Michael Hanna and Mercury Medical Research and Writing, Inc. ("Plaintiffs") by and through his undersigned attorney, and for their Response in Opposition to Defendants' Motion to Dismiss, states as follows:

1.      The Defendants' Motion to Dismiss fails with respect to Rule 12(b)(1) because it fails to identify any jurisdictional statute with which Plaintiffs' First Amended Complaint is not in compliance.

2.      The Defendants' Motion to Dismiss fails with respect to Rule 12(b)(6) because all five counts of Plaintiffs' First Amended Complaint state causes for which relief can be granted.

3.      Defendants' Motion to Dismiss relies on abrogated case law.

4.      Defendants' Motion to Dismiss fails to address 17 U.S.C. §410(c).

5.      Defendants' Motion to Dismiss asserts an implied license for the copyrighted works that conflicts with the express Agreement between the parties.

6.      Defendants' Motion to Dismiss conflates subject-matter jurisdiction with the requirements that the Plaintiffs prove the Defendants are bound by the Copyright Act.

WHEREFORE, for these reasons and the additional reasons raised in the attached brief, Plaintiff respectfully requests that this Honorable Court deny, in its entirety, the Defendants' Motion to Dismiss; and grant Plaintiffs whatsoever other

relief this Honorable Court deems just and prudent, including awarding Plaintiffs

actual attorney fees and costs for defending against this meritless motion.

Dated:        May 2, 2024

Ann Arbor, Michigan

Respectfully Submitted,

**HEED LAW GROUP PLLC**
/s/ *Thomas P Heed*
Thomas P. Heed
2723 South State Street, Ste. 150
Ann Arbor, MI 48104
(734) 794-4757
theed@heedlawgroup.com

*Attorney for Plaintiffs*

<u>Table of Contents</u>

TABLE OF AUTHORITIES ...............................................................................vi

ISSUES PRESENTED ......................................................................................ix

STATEMENT OF CONTROLLING AUTHORITY .........................................x

PRELIMINARY STATEMENT ........................................................................1

STANDARD FOR MOTION TO DISMISS .....................................................1

SUBSTANTIVE LAW .....................................................................................3

    1.   Copyright Infringement...........................................................................3

    2.   Express License and Implied License ....................................................4

    3.   Copyright Infringement by a Licensee ...................................................5

    4.   Copyright Invalidity ..............................................................................5

FACTS CONTAINED IN THE COMPLAINT ..................................................6

    1.   Engagement Between Parties ..................................................................6

    2.   Creation of Two Copyrighted Works......................................................7

    3.   Registration of Study Protocol with PROSPERO...................................8

    4.   Plaintiff Hanna was Sole Author of First Work and Second Work ........8

    5.   The Defendants Did Not Receive a License, Implied or Express...........9

    6.   Defendants Committed Infringement and Breach.................................10

ARGUMENT ..................................................................................................12

    1.   Present Motion Fails With Respect to 12(b)(1) ....................................12

    2.   Present Motion Fails With Respect to 12(b)(6) ....................................14

    3.   The Present Motion Is Meritless ..........................................................17

        A. Defendants Infringed Copyright by Exceeding Limited License .......17

        B. Plaintiffs' Copyright Registrations are Presumed Valid. ...................19

        C. Plaintiffs' First Amended Complaint Sufficiently Pleads Standing....22

iv

D. Defendants' Present Motion Ignores the Factual Allegations Related to the DMCA Contained in the First Amended Complaint. ....................24

E. Defendants' Motion to Dismiss Relies on Unpublished, Out-of-Circuit Law ........................................................................................................24

CONCLUSION ..................................................................................................25

# TABLE OF AUTHORITIES

| CASE | PAGE NUMBER |
|---|---|
| *19900 W Nine Mile, LLC v. Hanover Ins. Co.*, 676 F. Supp. 3d 534 (E.D. Mich. 2023) | 16 |
| *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). | 1-2, 12-14 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) | 3, 14, 24 |
| *Damnjanovic v. United States Dep't of Air Force*, 135 F. Supp. 3d 601 (E.D. Mich. 2015). | 1, 3 |
| *Design Basics LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714 (E.D. Mich. 2013 | 5, 17, 19 |
| *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007) | 3, 12 |
| *Effects Associates, Inc. v. Cohen*, 908 F.2d 555 (9th Cir.1990) | 4, 17-18 |
| *Ford Motor Co. v. AirPro Diagnostics LLC*, 632 F. Supp. 3d 753, 765 (E.D. Mich. 2022). | 3, 14, 21 |
| *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140 (9th Cir. 2019) | 20 |
| *Golden Star Wholesale, Inc. v. ZB Importing, Inc.*, 531 F. Supp. 3d 1231, 1248 (E.D. Mich. 2021) | 14 |
| *In re Flint Water Cases*, 482 F. Supp. 3d 601 (E.D. Mich. 2020). | 2-3, 22 |
| *Johnson v. Jones*, 149 F.3d 494 (6th Cir.1998) | 4-5, 17-18rte |

| CASE | PAGE NUMBER |
|---|---|
| *Mahavisno v. Compendia Bioscience, Inc.*, 164 F. Supp. 3d 964 (E.D. Mich. 2016) | 4, 17 |
| *Martin v. Cuny,* 887 F.Supp. 1390 (D. Col. 1995) | 20 n.6 |
| *Masck v. Sports Illustrated*, 5 F. Supp. 3d 881 (E.D. Mich. 2014) | 15 |
| *Nelson-Salabes, Inc. v. Morningside Dev., LLC,* 284 F.3d 505 (4th Cir. 2002) | 4 |
| *Oster v. Grant-S. Iron & Metal Co*., 381 F. Supp. 290 (E.D. Mich. 1974) | 4-5 |
| *Perry v. Broad Music, Inc.*, 23 Fed.Appx 210, 211 (6th Cir. 2001) | 19 |
| *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166, 130 S. Ct. 1237, 1247, 176 L. Ed. 2d 18 (2010) | 13 n.5 |
| *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 142 S. Ct. 941, 211 L.Ed.2d 586 (2022) | 20-21 |
| *VHT, Inc. v. Zillow Grp., Inc*., 69 F.4th 983 (9th Cir. 2023) | 20 |

| STATUTES AND RULES | PAGE NUMBER |
| --- | --- |
| 17 U.S.C. §106 | 11 |
| 17 U.S.C. §201 | 13 |
| 17 U.S.C. §410 | 14, 19-20, 23-25 |
| 17 U.S.C. §411 | 5-6, 13, 20-21 |
| 17 U.S.C. §1202 | 13, 15-16 |
| 28 U.S.C. §1331 | 2 |
| 28 U.S.C. §1332 | 2 |
| 28 U.S.C. §1338 | 2, 13 |
| Fed.R.Civ.P 12 | 1-3, 11-12, 14, 16, 21, 23, 25 |
| L.R. 5.1 | i |
| L.R. 7.1 | i |

| OTHER AUTHORITIES | PAGE NUMBER |
| --- | --- |
| 2 J. Moore et al., *Moore's Federal Practice*, (3d ed.2005) | 2 |

# ISSUES PRESENTED

1.      Whether Plaintiffs' copyright infringement claims should be dismissed as (a) Defendants have a license to use the asserted copyrights, (b) Plaintiffs' copyright registrations are invalid, and (c) Plaintiffs failed to plead sufficient factual allegations to establish standing to sue Defendants for copyright infringement?

Plaintiff's answer: No

Defendant's answer:  Yes

2.      Whether Plaintiffs' Digital Millennium Copyright Act claims should be dismissed as Plaintiffs failed to plead sufficient factual allegations to establish (a) Defendants removed or altered copyright management information from the asserted copyrighted works, (b) Defendants engaged in conduct that would induce, enable, facilitate, or conceal copyright infringement, or (c) Defendants lacked permission from a copyright owner to remove or alter copyright management information

Plaintiff's answer: No

Defendant's answer:  Yes

3.      Whether the Court should dismiss Plaintiffs' breach of contract claim for lack of subject matter jurisdiction and decline to exercise supplemental jurisdiction.

Plaintiff's answer: No

Defendant's answer:  Yes

## STATEMENT OF CONTROLLING AUTHORITY

**1a. Implied License**

Pursuant to Local Rule 7.1(d)(2), Plaintiffs hereby state that the most appropriate controlling authority is *Design Basics LLC v. Chelsea Lumber Co.,* 977 F. Supp. 2d 714, 735 (E.D. Mich. 2013).

**1b. Validity of Copyright**

Pursuant to Local Rule 7.1(d)(2), Plaintiffs hereby state that the most appropriate controlling authorities are 17 U.S.C. §410 and *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 142 S. Ct. 941, 211 L.Ed.2d 586 (2022).

**1b. Standing**

Pursuant to Local Rule 7.1(d)(2), Plaintiffs hereby state that the most appropriate controlling authority is *Arbaugh v. Y&H Corp*., 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

**2. DMCA**

Pursuant to Local Rule 7.1(d)(2), Plaintiffs hereby state that the most appropriate controlling authority is 17 U.S.C. §1202.

## 3. Supplemental Jurisdiction

Pursuant to Local Rule 7.1(d)(2), Plaintiffs hereby state that the most appropriate controlling authorities are *Arbaugh v. Y&H Corp*., 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); and *19900 W Nine Mile, LLC v. Hanover Ins. Co*., 676 F. Supp. 3d 534 (E.D. Mich. 2023).

## PRELIMINARY STATEMENT

The Defendants' filed a Motion to Dismiss ("Present Motion") on April 11, 2024 under Rules 12(b)(1); 12(b)(6); and 12(h)(3).  In it, the Defendants are trying to get this Court to issue something that the Honorable Justice Ruth Bader Ginsberg referred to as "a drive-by jurisdictional ruling." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006).  The Court should deny the Defendants' Present Motion in its entirety as it is an invitation for clear error.

## STANDARD FOR MOTION TO DISMISS

The Defendants' Present Motion relies on Rule 12(b)(1), 12(b)(6), and 12(h)(3).[1]  "When a defendant moves for a motion to dismiss under both Rule 12(b)(1) and (b)(6), the court should consider the 12(b)(1) motion first because the 12(b)(6) motion is moot if subject matter jurisdiction does not exist." *Damnjanovic v. United States Dep't of Air Force,* 135 F. Supp. 3d 601, 604 (E.D. Mich. 2015).

Here, the Defendants are attempting to get this Court to conflate subject-matter jurisdiction with the requirements that the Plaintiffs prove the Defendants are

---

[1] Rule 12(h)(3), itself, is not an independent basis under which to bring a motion.  It merely allows a Rule 12(b)(1) motion to be brought anytime, including post-judgment. *Arbaugh,* 546 U.S., at 506–07 (quoting prior version of Rule 12(h)(3)). The remainder of this brief will only speak about Rule 12(b)(1) when discussing the Defendants' Present Motion as it regards purported defects in subject matter jurisdiction.

bound by the Copyright Act.[2]

> "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief— a merits-related determination." 2 J. Moore et al., *Moore's Federal Practice* § 12.30[1], p. 12–36.1 (3d ed.2005).

*Arbaugh*, 546 U.S., at 511.  This is the "subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy." *Id.*

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim "arising under" the Constitution or laws of the United State.

*Id.,* at 513.  Likewise, a plaintiff properly invokes 28 U.S.C. § 1338(a) jurisdiction when he pleads a colorable claim under the Copyright Act, as the Plaintiffs have done here, in their First Amended Complaint.

An attack on subject-matter jurisdiction must identify the precise jurisdictional statute that is not met and the statute must make specific reference to its requirements being jurisdictional in nature.  *Arbaugh*, 546 U.S., at 514–15.

A Rule 12(b)(1) motion involves either a facial or factual attack.  *In re Flint Water Cases*, 482 F. Supp. 3d 601, 615 (E.D. Mich. 2020).

---

[2] The Honorable Justice Ruth Bader Ginsberg referred to the conflation of subject matter jurisdiction with the plaintiff's need and ability to prove the defendants bound by the federal law asserted as a predicate to relief as "a drive-by jurisdictional ruling." *Arbaugh*, 546 U.S., at 511.

A facial attack questions the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true. If those allegations establish federal claims, jurisdiction exists. … This approach is identical to the approach used by the district court when reviewing a motion invoking Federal Rule of Civil Procedure 12(b)(6).

A factual attack, by contrast, raises a factual controversy requiring the district court to weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.

*Id.*

"A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted."

*Damnjanovic*, 135 F. Supp. 3d, at 605 [internal quotation omitted].

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Higbee v. E. Michigan Univ,* 399 F. Supp. 3d 694, 699 (E.D. Mich. 2019).

## SUBSTANTIVE LAW

### 1.    Copyright Infringement

The elements of a copyright infringement claim are (1) ownership of the

copyright by the plaintiff; (2) copying by the defendant." *Ford Motor Co. v.*

*AirPro Diagnostics LLC*, 632 F. Supp. 3d 753, 765 (E.D. Mich. 2022).

## 2.    Express License and Implied License

"A copyright owner may give a nonexclusive license expressly by words, either orally or writing, or implicitly by conduct." *Mahavisno v. Compendia Bioscience, Inc*., 164 F. Supp. 3d 964, 968 (E.D. Mich. 2016) (citing *Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir.1998)).

> An implied license arises where the following three element test is satisfied: (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requester copy and distribute it.[3] [internal quotation omitted]

*Mahavisno,* 164 F. Supp. 3d, at 968–69 (E.D. Mich. 2016).  "Courts have held that the existence of an implied license to use the copyright for a particular purpose precludes a finding of infringement." *Jones,* 149 F.3d, at 500 (6th Cir. 1998) (citing *Effects Associates, Inc. v. Cohe*n, 908 F.2d 555 (9th Cir.1990)). "**Courts have interpreted the 'copy and distribute' prong of the** *Effects Associates* **test to mean that the creator of a protected work must intend that its copyrighted [work] be used on the project for which they were created, independent of the creator's involvement.**" [emphasis added.] *Nelson-Salabes, Inc. v. Morningside Dev., LLC,* 284 F.3d 505, 515 (4th Cir. 2002); *see also*, *Jones,* 149 F.3d, at 500–01.

Whether or not an implied license existed is a question of fact for the finder

---

[3] This three-part test is referred to as the *Effects Associates* test after *Effects Associates, Inc. v. Cohe*n, 908 F.2d 555 (9th Cir.1990)

of fact.  *Oster v. Grant-S. Iron & Metal Co.*, 381 F. Supp. 290, 293 (E.D. Mich. 1974); *see also Jones,* 149 F.3d, at 500–01.

### 3.    <u>Copyright Infringement by a Licensee</u>

> As a general matter, a copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement. However, uses of the copyrighted material that exceed the scope of the license may infringe the licensor's copyright. **A particular use of copyrighted material is outside the scope of a licensing agreement if that particular use is not authorized by the license agreement**. ...

> Furthermore, if a license authorizes the licensee to make a particular use of copyrighted material only if a certain circumstance, event, or action takes place—i.e. a condition precedent—then the licensee's use of the protected material without the condition precedent having first been satisfied may give rise to a cause of action for copyright infringement. [emphasis added, internal citations and quotations omitted]

*Design Basics LLC v. Chelsea Lumber Co.,* 977 F. Supp. 2d 714, 735 (E.D. Mich. 2013).[4]

### 4.    <u>Copyright Invalidity</u>

The Copyright Act contains a robust safe harbor provision, which defeats any allegation contained in the Defendants' Present Motion concerning the validity of the Plaintiff's copyright registrations.  Specifically, 17 U.S.C. §411(b)(1) states:

> (1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any

---

[4] This case has been cited by the Eastern District of Michigan at least twelve (12) times.  There is no reported negative treatment of this case.

inaccurate information, unless--

> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and

> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

17 U.S.C. § 411(b).

## FACTS CONTAINED IN THE COMPLAINT

1. **Engagement Between Parties**

In or about January 2020, Defendant Jespersen & Associates engaged Plaintiff Mercury Medical to research and write a systematic review of the scientific medical literature on how bacterial vaginosis changes the risk of acquiring trichomonas vaginalis. ("BV/TV Literature Review"). *Id.,* at ¶¶18-21, PageID.106. The Parties' agreement was memorialized in a Letter Agreement ("Agreement"). *Id.* Jespersen executed the Agreement by having Elizabeth Sarkar sign the summary on the last page and return the last page, only. *Id., see also* Exh. 4, *Signature Page of Agreement*, ECF No. 12-4, PageID.131; *see also* Exh. 5, *Complete Agreement,* ECF No. 12-5, PageID.132-137.

Under the Agreement, Plaintiffs were to create (1) a study protocol which was to be uploaded by Mercury Medical onto PROSPERO, a website managed by the University of York (UK) for the registration of systematic reviews of health; and (2) a systematic review paper based on the BV/TV Literature Review. Exh. 5,

*Complete Agreement,* ECF No. 12-5, PageID.133-136. The Plaintiffs completed the study protocol, but the Agreement was breached and terminated by Defendants prior to the Plaintiffs completing the BV/TV Literature Review. *1st Am. Compl.*, ¶23; ECF No. 12, PageID.107.

## 2.     Creation of Two Copyrighted Works

On September 9, 2020, Dr. Hanna submitted a first copyright registration claim to the U.S. Copyright Office for the unpublished first draft of the Systematic Review Protocol (written on January 22, 2020) and five subsequent updated unpublished drafts (written on Mar 10, Mar 18, Mar 30, Apr 5, and Apr 8). *Id.,* at ¶27, PageID.107. On September 11, 2020, the U.S. Copyright Office issued a Certificate of Registration for the aforementioned works, registration number TXu 2-216-711, with the effective date of Registration being September 09, 2020. *Id.,* at ¶27; ECF No. 12, PageID.107; *see also Registration Certificate Txu 2-216-711*, ECF No. 12-2, PageID.125-126. Dr. Hanna submitted a second copyright registration claim on January 6, 2021, for the version of the Systematic Review Protocol published on the PROSPERO website. *1st Am. Compl.*, ¶31; ECF No. 12, PageID.108. Effective January 6, 2021, the U.S. Copyright Office registered the Second Work, entitled, "Systematic Review Protocol Apr 08", assigning registration number TX0008940331. *Id.,* at ¶33, PageID.108.

### 3.  Registration of Study Protocol with PROSPERO

On information and belief, PROSPERO is the one and only website in the world dedicated specifically to registering systematic reviews on health outcomes.  *Id.,* at ¶¶25-28, PageID.107.  Registration of a study protocol on PROSPERO is normally a prerequisite for publishing a research paper on a systematic literature review in a well-regarded scientific medical journals. *Id.*  On April 9, 2020, Dr. Hanna submitted the Second Work for registration on the PROSPERO website.  *Id.* On or about July 1, 2020, the Second Work was registered on PROSPERO.  *Id.* The PROSPERO website listed Dr. Hanna as the record owner.  *Id.,* at ¶32, PageID.108.

### 4.  Plaintiff Hanna was Sole Author of First Work and Second Work

The First Work and the Second Work are both study protocols.  *Id.,* at ¶34, PageID.108.  The copyrightable content of both the First Work and Second Work were written exclusively by Plaintiff.  *Id.,* at ¶35, PageID.108.  In fact, the Agreement between the parties states as much:

> Mercury Medical Research & Writing will write the manuscript, based on the available scientific literature.  The services include:
>
> - writing and registering the study protocol.

Exh. 5, *Complete Agreement,* ECF No. 12-5, PageID.133.

The Second Work and four of the six drafts included in the First Work list expected co-investigators of the BV/TV Literature Review as anticipated future co-

authors of the systematic review paper based on the BV/TV Literature Review, although, consistent with the standards for co-authorship of the International Committee of Medical Journal Editors (ICMJE), their actual inclusion as co-authors would depend on their contributions to the final systemic review paper. *1st Am. Compl.*, ¶36; ECF No. 12, PageID.108-109.

This case concerns a question of copyright infringement with respect to a study protocol embodied in the copyrighted First and Second Works. The First Work and the Second Work were authored solely by Dr. Hanna. The First Work and the Second Work listed the planned authors of a future systematic review paper. The planned authors of the systematic review paper, listed in the First Work and Second Work, are not authors of the First Work and the Second Work. This case does not concern any question as to the copyright for the systematic review paper based on the BV/TV Literature Review. The Present Motion makes the specious argument that the Defendants are co-authors of the First Work and Second Work because they are listed as planned authors on the planned but uncompleted systematic review paper. Defendants have not cited any authority for this non-sensical jump in logic.

5. **The Defendants Did Not Receive a License, Implied or Express**

By its terms, the Agreement strictly controls the uses of the work created by Plaintiffs. *1st Am. Compl.*, ¶¶38-44; ECF No. 12, PageID.109-110. The Agreement

between the Parties established an independent contractor relationship. *Id.,* at ¶38, PageID.109; *see also* Exh. 5, *Agreement*, ECF No. 12-5, p. 1. The Agreement does not give Defendants any rights with respect to the direction, supervision, or control of Mercury. *1st Am. Compl.*, ¶¶38-44; ECF No. 12, PageID.109-110. The Agreement does not provide Defendants any license whatsoever to use either the First Work or the Second Work in order to register the study protocol on PROSPERO. *Id.; see also* Exh. 5, *Agreement*, §6, ECF 12-5, PageID.134. The Agreement between Jespersen & Associates and Mercury Medical did not include a work for hire provision. *1st Am. Compl.*, ¶¶43-44; ECF No. 12, PageID.110. There was never an assignment of the copyright in the First Work or the Second Work, nor any other type of transfer of rights for either work. *Id.* By the express terms of the Agreement, the Defendants were not allowed to do anything with the study protocol. The implied license upon which Defendants place their Present Motion is wholly inconsistent with the terms of the Agreement between the parties.

6.     **Defendants Committed Infringement and Breach**

The Agreement states that, "Once agreed (including receipt of the first milestone payment), the project cannot be canceled unless both parties agree in writing." *Id.,* at Stipulation #2, PageID 133. On June 17, 2020, Jespersen & Associates breached the terms of the Agreement with Mercury Medical by terminating it prematurely and unilaterally and requesting that the PROSPERO

registration be cancelled.  Exh. 6, *Breach E-mail,* ECF No. 12-6, PageID.139.

Defendant Sarkar subsequently contacted PROSPERO and misled them into switching control of Dr. Hanna's PROSPERO account to herself.  *1st Am. Compl.*, ¶¶50-51; ECF No. 12, PageID.111.  On or about February 5, 2021, the Defendants caused a document that was copied from the First Work and the Second Work to be published ("Infringing Work").  *Id.*; *Compare* Exh. 7, *Second Work,* ECF No. 12-7, PageID.141-145 and Exh. 8, *Infringing Work,* ECF No. 12-8, PageID.147-150. Copying the Second Work into the Infringing Work is a violation of Hanna's copyrights.  17 U.S.C. §106(1).

The Infringing Work was available worldwide through a hyperlink on the PROSPERO website.  *1st Am. Compl.*, ¶¶52-55; ECF No. 12, PageID.111. Distributing the Infringing Work through a worldwide hyperlink violates Hanna's copyrights.  17 U.S.C. §106(3).  Displaying the Infringing Work through a worldwide hyperlink violates Hanna's copyrights.  17 U.S.C. §106(5).  *See also 1st Am. Compl.*, ¶¶72-73; ECF No. 12, PageID.113.   The Defendants committed these violations without the permission of Dr. Hanna.  *Id.*   The Infringing Work removed Dr. Hanna as the record owner for the PROSPERO website registration. *Id.* The Infringing Work failed to properly attribute Dr. Hanna as author when it copied the Second Work.  *Id.*

## ARGUMENT

Stated plainly, the Present Motion should be denied with respect to Rule 12(b)(1) because Defendants are conflating subject-matter jurisdiction with the requirements that the Plaintiffs prove the Defendants are bound by the Copyright Act. *See Arbaugh*, 546 U.S., at 511. The Present Motion should be denied with respect to Rule 12(b)(6) because (1) Plaintiffs' First Amended Claim properly pleads all five counts; and (2) Defendants' Present Motion fails to accept the allegations contained in the First Amended Complaint as true. See Directv, 487 F.3d, at 476.

### 1.    Present Motion Fails With Respect to 12(b)(1)

The Defendants' Present Motion utterly fails with respect to the pleading standards and jurisprudence related to a motion to dismiss under Rule 12(b)(1). Although the Defendants' Present Motion mentions subject-matter jurisdiction repeatedly, it fails to associate the alleged failure of subject-matter jurisdiction with any jurisdictional statute. *See e.g., Def. Mot. to Dismiss,* ECF No. 15, PageID. 168, 173-174, and 182. The Defendants' Present Motion also makes repeated reference to a purported issue of standing, asserting that it robs the Court of subject-matter jurisdiction, but again, fails to associate the alleged failure of standing with any jurisdictional statute. *Id.,* at PageID.180-182.

The Defendants' Present Motion fails to identify ***any*** jurisdictional statute which the First Amended Complaint fails to meet. *See Arbaugh*, 546 U.S., at 511.

Rather, the Defendants in the Present Motion fall victim to the "subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy." *See id.* The Present Motion conflates the Plaintiff's need and ability to prove things like authorship (PageID.180-182) and a valid copyright registration (PageID.178-180 and PageID.185-186) with a failure to meet subject matter jurisdiction. The Present Motion also conflates the Plaintiffs' need and ability to rebut an affirmative defense of a license (PageID.174-178) with a failure to meet subject matter jurisdiction. Both are wrong. *See Arbaugh*, 546 U.S., at 511.

The Defendants' Present Motion does not cite 28 U.S.C. §1338, the specific statute granting this Court with jurisdiction over copyright matters. *See Def. Mot. to Dismiss,* ECF No. 15, PageID.162 (Table of Authorities). The Defendants' Present Motion does cite 17 U.S.C. §§201 (Ownership of copyright), 411 (Registration and civil infringement actions), and 1202 (Integrity of copyright management information). *Id.* None of these statutes have a jurisdictional requirement.[5] *See id.*

An attack on subject-matter jurisdiction must identify the precise

_____

[5] In fact, the Supreme Court has remarked that Section 411 does not have a jurisdictional requirement. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166, 130 S. Ct. 1237, 1247, 176 L. Ed. 2d 18 (2010) ("Section 411(a) imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions).

jurisdictional statute that is not met and the statute must make specific reference to its requirements being jurisdictional in nature. *Arbaugh*, 546 U.S., at 514–15. The Defendants' Present Motion fails to do so. The Plaintiff respectfully requests that this Honorable Court dismiss the Defendants' Present Motion with respect to Rule 12(b)(1) for the defects cited above.

## 2.    **Present Motion Fails With Respect to 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), the First Amended Complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *See Twombly*, 550 U.S., at 570.

The First Amended Complaint states claims for which relief can be granted. Count I alleges the two necessary elements of copyright infringement against both Defendants: ownership of a valid copyright by the Plaintiff and copying by the Defendants. *1ˢᵗ Am. Compl.,* ECF No. 12, ¶¶63-80, PageID.112-114. "The elements of a copyright infringement claim are (1) ownership of the copyright by the plaintiff; (2) copying by the defendant." *AirPro*, 632 F. Supp. 3d, at 765. "A certificate of registration 'constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'" *Golden Star Wholesale, Inc. v. ZB Importing, Inc.*, 531 F. Supp. 3d 1231, 1248 (E.D. Mich. 2021) (quoting 17 U.S.C. §410(c).). Plaintiffs properly pleaded Count I and Count I states a claim for which relief can be granted.

Count II is vicarious copyright infringement against Defendant Jespersen and Associates, in the alternative, as they are the employer of Defendant Sarkar. "For vicarious liability, the plaintiff must show that (1) defendant has the right and ability to supervise the infringing conduct, and (2) the defendant has an obvious and direct financial interest in the infringement." *Masck v. Sports Illustrated*, 5 F. Supp. 3d 881, 888 (E.D. Mich. 2014). Plaintiffs alleged in their First Amended Complaint that, "Defendant Sarkar was at all relevant times acting within her employment with Jespersen & Associates." *1st Am. Compl.*, ¶¶83-86; ECF No. 12, PageID.115. Plaintiffs further alleged, "Defendant Jespersen & Associates had the right and ability to control Defendant Sarkar's Infringing Activities." *Id.* Plaintiffs also alleged, "Defendant Jespersen & Associates had a direct financial interest in the Infringing Activities of Defendant Sarkar." *Id.* Plaintiffs properly pleaded Count II and Count II states a claim for which relief can be granted.

Both the First Work and the Second Work had Dr. Hanna listed as the author and record owner. *Id.,* at ¶¶31 and 64-71, PageID.108 and 112-113. The Infringing Work, attributable to Defendants, removed Dr. Hanna as both the record owner and author. *Id.,* at ¶¶54-55, PageID.111. As detailed in Counts III and IV of the First Amended Complaint, the Defendants' behavior is a violation of the Digital Millennium Copyright Act ("DMCA"). *Id.,* at ¶¶91-110, PageID.116-118. The DMCA prohibits, *inter alia*, intentionally removing or altering any copyright

management information; and distributing copies of works knowing that copyright management information has been removed or altered.  17 U.S.C. §1202(b).  Under the applicable DMCA definition "copyright management information" includes the name of, and other identifying information about, the author of the work.  17 U.S.C. §1202(c).  The First Amended Complaint alleges that Defendants removed or altered the author's name.  *1st Am. Compl.*, ECF No. 12*,*  ¶92, PageID.116.  The author's name is part of the definition of the copyright management information.  The Defendants also clearly removed the identifying information about the copyright owner, by removing Dr. Hanna's name as record owner in the Infringing Work.  *Id.*  Counts III and IV state a claim for which relief can be granted.

Count V is a state law claim for breach of contract.  The First Amended Complaint states that there was a contract; the Defendants breached the contract first, without cause; and the Plaintiffs were damaged.  *Id.*, ¶¶112-116, PageID.118-119.  In Michigan, a breach of contract claim requires that (1) there was a contract, (2) Defendant breached the contract, and (3) the breach resulted in damages to Plaintiff.  *19900 W Nine Mile, LLC v. Hanover Ins. Co*., 676 F. Supp. 3d 534, 544 (E.D. Mich. 2023).  Count V states a claim for which relief can be granted.

The Plaintiff respectfully requests that this Honorable Court dismiss the Defendants' Present Motion with respect to Rule 12(b)(6) for the reasons stated.

### 3. **The Present Motion Is Meritless**

A. Defendants Infringed Copyright by Exceeding Limited License

"A copyright owner may give a nonexclusive license expressly by words, either orally or writing, or implicitly by conduct." *Mahavisno*, 164 F. Supp. 3d, at 968. Here, there is an express Agreement between the parties that states that the Plaintiffs will write the study protocol and then register the study protocol with PROSPERO. Exh. 5, *Complete Agreement*, §6, ECF 12-5, PageID.133. Nowhere in the Agreement does it say that the Defendants may register the study protocol with PROSPERO, because to do so would be literally contrary to the Agreement between the parties. Only the Plaintiffs were allowed to use the study protocol with respect to PROSPERO. The Defendants exceeded the very limited express license grant, to the extent that it existed at all with respect to the study protocol, by filing a falsified registration with PROSPERO after breaching the Agreement.

The Defendants did not have an implied license, eithera. An implied license must be consistent with the express license and it must be accompanied by evidence of an intent to grant an implied license. *Design Basics,* 977 F. Supp. 2d, at 735. Implying a license to allow Defendants to submit the study protocol to PROSPERO would be inconsistent with the express license between the parties.

Last, the Defendants cannot meet a required elements of the *Effects Associates* test. If the licensor does not intend the licensee to perform an act with the

17

copyrighted material without the licensor, the third prong of the *Effects Associates* test is not met. *Jones*, 149 F.3d, at 501. Here, the third prong of the *Effects Associates* test is not met because the Plaintiffs did not intend for the Defendants to register the study protocol with PROSPERO without the Plaintiffs' involvement. Contractually, that role was reserved to the Plaintiffs. The Court cannot imply a license here, and it is clear that the Defendants exceeded any express license which they might have been granted.

The Defendants also violated a clear requirement to any grant of license in this matter by behaving unethically. Mercury Medical and Dr. Hanna both cherish their well-earned professional reputation for ethical behavior. *1st Am. Compl.*, ¶¶46-47; ECF No. 12, PageID.110. The Agreement explicitly stated that ethical behavior was required and expected. *Id.; see also*, Exh. 5, *Agreement,* Stipulations #3&4, ECF No. 12-5, PageID.133-134 (e.g., "3. The work will be conducted at all times in accordance with all ethical and professional guidelines of the scientific and medical communities."). Ethical behavior is thus a material condition of the Agreement.

The behavior of the Defendants was unethical. In the Breach E-mail, Elizabeth Sarkar states, "Client asked that we please contact PROSPERO to cancel our application." *Id.* Thereafter, Defendant Sarkar contacted PROSPERO and misled them into switching control of Dr. Hanna's PROSPERO account to herself.

18

*1st Am. Compl.*, ¶¶50-51; ECF No. 12, PageID.111.  On or about February 5, 2021,

the Defendants caused the Infringing Work to be published on PROSPERO with

the account pirated from Dr. Hanna.

The unethical behavior of the Defendants violated any grant of license made

by the Plaintiffs.  "A particular use of copyrighted material is outside the scope of

a licensing agreement if that particular use is not authorized by the license

agreement." *Design Basics,* 977 F. Supp. 2d, at 735.

The Defendant's Present Motion argues that the license issue is a

jurisdictional threshold issue, citing *Perry v. Broad Music, Inc.*, 23 Fed.Appx 210,

211 (6th Cir. 2001).  *Defs. Mot. to Dismiss,* ECF No. 15, PageID.174. *Perry* is

inapposite to this case.  *Perry* involved an issue of *res judicata* as it related to a

royalty dispute between two competing alleged copyright owners.  *Perry*, 23 F.

App'x, at 211-212.  This case is not a royalties dispute and there is no *res judicata*.

Plaintiff asserts that Defendants violated the Copyright Act by copying original

content of a validly registered copyrighted work, without license.  The Present

Motion is wrong with regards to the license issue.

B. Plaintiffs' Copyright Registrations are Presumed Valid.

The Defendants' Present Motion fails to cite 17 U.S.C. §410(c), which

states, "In any judicial proceedings the certificate of a registration … shall

constitute prima facie evidence of the validity of the copyright and of the facts

stated in the certificate." This is of course the most important section with respect to Defendants' Present Motion, and the Defendants failed to bring it to the Court's attention.

Contrary to 17 U.S.C. §410(c), the Present Motion repeatedly asserts that the copyright registrations in this case are invalid.. *Defs. Mot. to Dismiss,* ECF No. 15, PageID.178-180. To support their contention, the Defendants use an out-of-circuit case that was abrogated: *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1145 (9th Cir. 2019). *Def. Mot. to Dismiss,* ECF No. 15, PageID.179. "*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1147 (9th Cir. 2019), is no longer good law. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 142 S. Ct. 941, 945, 211 L.Ed.2d 586 (2022)." *VHT, Inc. v. Zillow Grp., Inc*., 69 F.4th 983, 993 (9th Cir. 2023).[6]

In *Unicolors*, the United States Supreme Court held that the safe-huor provision of Section 411(b) of the Copyright Act is robust, something which is contrary to the assertions of the Defendants in the Present Motion. *Compare Unicolors*, 595 U.S., at 182 and *Defs. Mot. to Dismiss,* ECF No. 15, PageID.178-180. "Lack of knowledge of either fact or law can excuse an inaccuracy in a

---

[6] The Defendants also rely on *Martin v. Cuny,* 887 F.Supp. 1390, 1394 (D. Col. 1995). *Cuny* is a 29 year-old, non-binding case from a district court in Colorado. *Cuny* significantly pre-dates *Unicolors,* and is therefore also abrogated.

copyright registration." *Unicolors,* 595 U.S., at 182.

Under 17 U.S.C. §411(b) and *Unicolors*, the Plaintiff has significant safe-harbor for any accusation of invalidity. Moreover, the requirements to adjudicate the validity of a challenged copyright require the District Court to first make a finding of fact with regards to what Hanna knew at the time he filed his copyright registrations, and if the Court finds that he knew he was filing inaccurate registrations, the Court must then consult with the Copyright Office to ascertain whether the inaccurate information would have prevented the Copyright Office from issuing a registration certificate. 17 U.S.C. §411. The Present Motion is not amenable to this type of fact finding endeavor, as such a fact finding effort would be beyond the scope of a Rule 12 motion.

The Defendants cannot succeed in invalidating the copyright registrations under a Rule 12(b)(6) motion, because there is a presumption that the registrations are valid. The Defendants cannot succeed in invalidating the copyright registrations under Rules 12(b)(1) because of the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy. An element of copyright infringement is a valid registration. *AirPro*, 632 F. Supp. 3d, at 765. This is the exact same issue that the Defendants are trying to use to claim there is no subject matter jurisdiction. Under the factual inquiry prong of Rule 12(b)(1):

> A district court engages in a factual inquiry only when the facts necessary to sustain jurisdiction do not implicate the merits of the

plaintiff's claim. If the jurisdictional issue is intertwined with the underlying substantive merits of the case, such evidentiary decisions should await a determination of the case on the merits. [internal quotations and citations omitted]

*In re Flint Water Cases*, 482 F. Supp. 3d, at 615. For all of the foregoing reasons, the Court should deny the Present Motion in so far as it is trying to assert that the Plaintiffs' copyright is invalid.

## C. Plaintiffs' First Amended Complaint Sufficiently Pleads Standing

The Present Motion asserts that Plaintiff cannot sue Defendants because they lack standing to sue co-authors. Notably, Defendants' Present Motion incorrectly says, "Accordingly, because Plaintiffs' own pleading demonstrates that he is not the so [sic] owner of copyright and that the Jespersen team were authors of the works, Plaintiffs have failed to establish standing to bring the copyright claims in the first instance." *Id.* at PageID.182. *Defs. Mot. to Dismiss,* ECF No. 15, PageID.182. Factually, Defendants are making an argument in bad faith.

Under the Agreement, Plaintiffs were to create (1) a study protocol which was to be uploaded by Plaintiffs onto PROSPERO; and (2) a systematic review paper. Exh. 5, *Complete Agreement,* ECF No. 12-5, PageID.133-136. The study protocol, as embodied in the Second Work and four of the six drafts included in the First Work, lists expected co-investigators of the BV/TV Literature Review as anticipated future co-authors of the systematic review paper. *1st Am. Compl.*, ¶36; ECF No. 12, PageID.108-109. The anticipated future authors of the planned but

22

uncompleted systematic review paper were not co-authors of the study protocol. They were two different documents.

Plaintiffs filed for and received copyright registrations for the First Work and the Second Work. Exh. 2, *Copyright Registration TXu 2-216-711,* ECF No. 12-2, PageID.125-126; Exh. 3, *Copyright Registration TX0008940331*, ECF No. 12-3, PageID.128-129. The Copyright Office examined the First Work and the Second Work and determined they constituted copyrightable subject matter. 17 U.S.C. §410(a) ("When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office.") The registrations show Plaintiff Hanna as the sole author. Exh. 2, *Copyright Registration TXu 2-216-711,* ECF No. 12-2, PageID.125-126; Exh. 3, *Copyright Registration TX0008940331*, ECF No. 12-3, PageID.128-129. In this litigation, the Plaintiffs are entitled to the presumption that the two copyright registrations certificates are valid. 17 U.S.C. §410(c).

The Present Motion is now asserting that the anticipated future co-authors of the systematic review paper are co-authors of the study protocol, even though this is at odds with the Agreement, the First Amended Complaint, and the Copyright

23

registrations.  This does not comply with any pleading standard for Rule 12.

The present motion is wrong with respect to the standing issue.

D. Defendants' Present Motion Ignores the Factual Allegations Related to the
DMCA Contained in the First Amended Complaint.

As discussed, *supra,* Counts III and IV relating to the DMCA meet the
pleading requirements identified by *Twombly,* 550 U.S., at 570.  Both the First Work
and the Second Work had Dr. Hanna listed as the author and record owner.  *1ˢᵗ Am.
Compl.,* ECF No. 12, ¶¶31 and 64-71, PageID.108 and 112-113.  The Infringing
Work, attributable to Defendants, removed Dr. Hanna as both the record owner and
author.   *Id.,* at ¶¶54-55, PageID.111.  As detailed in Counts III and IV of the First
Amended Complaint, the Defendants' behavior is a violation of the DMCA.  The
Present Motion seems to ignore the factual allegations made in the First Amended
Complaint with regards to the DMCA because they are inconvenient.  *See Def. Mot.
to Dismiss,* ECF No. 15, PageID.182-186.

E. Defendants' Motion to Dismiss Relies on Unpublished, Out-of-Circuit Law

The Defendants fundamentally fail in meeting their duty of persuasion for
their Motion to Dismiss.  Defendants' Motion to Dismiss relies on 13 out-of-circuit
cases, three of them unpublished district court cases.  Defendants' Motion to Dismiss
also relies on two unpublished cases from the Eastern District of Michigan.  This
wholesale use of non-binding authority is illustrative of Defendants' failure to find

legal support for their position within the reported, binding case law of this district and circuit.

## CONCLUSION

The Defendants failed to meet the motion standards for either Rule 12(b)(1) or 12(b)(6). The Present Motion fails to identify even a single jurisdictional statute with which the Plaintiffs are not in compliance. Rather, the Defendants conflate subject matter jurisdiction with the Plaintiffs' needs and abilities to prove the Defendants are bound by the Copyright Act as the predicate for relief. The Defendants failed to accept the allegations contained in the First Amended Complaint as true. The Defendants used abrogated case law. The Defendants failed to address 17 U.S.C. §410(c). For these and the myriad of other reasons identified in this Response, Plaintiff respectfully requests that this Honorable Court deny, in its entirety, the Defendants' Motion to Dismiss; and grant Plaintiffs whatsoever other relief this Honorable Court deems just and prudent, including awarding Plaintiffs actual attorney fees and costs for defending against this meritless motion.

Submitted: May 2, 2024          Respectfully

                         **HEED LAW GROUP PLLC**
                         */s Thomas P Heed*
                         Thomas P. Heed
                         2723 S. State Street, Suite 150
                         Ann Arbor, MI 48103
                         (734) 794-4757
                         theed@heedlawgroup.com
                         *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on May 2, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 2, 2024                                    */s/ Thomas P. Heed*
                                                      Thomas P Heed